UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-03240-SVW-AJR | Date | September 24, 2024 |
|---|---|---|---|
| Title | *Juan Valencia v. Bobs House of Lounge LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING [16] PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND REQUEST TO AFFIX ATTORNEYS' FEES & COSTS.

## I.  Introduction

Plaintiff Juan Valencia ("Plaintiff") brings claims against Bobs House of Lounge LLC and Benjamin 26 LLC ("Defendants") for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Unruh Civil Rights Act ("Unruh"), California Civil Code § 51. After Defendants failed to answer Plaintiff's complaint, the Clerk entered a default.

Plaintiff now brings the instant application for default judgment. Plaintiff also asks this Court to affix attorney's fees and costs. For the below reasons, Plaintiff's motion is GRANTED.

## II.  Motion for Default Judgment

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004).

Upon consideration of Plaintiff's complaint and the materials provided by Plaintiff in support of the application for default judgment, the Court is persuaded that the *Eitel* factors favor granting Plaintiff's application. The factual allegations in Plaintiff's complaint establish a claim for violations of the ADA

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03240-SVW-AJR | Date | September 24, 2024 |
|---|---|---|---|
| Title | *Juan Valencia v. Bobs House of Lounge LLC et al* | | |

and California's Unruh Act. *See generally* ECF No. 1; *see also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding default judgment appropriate where complaint sufficiently establishes ADA violation). By failing to appear and oppose, Defendant has admitted all material facts in the pleadings. *Vogel*, 992 F. Supp. 2d at 1012–13. Plaintiff's proof of service for each defendant indicates proper service, and the instant motion was also properly served upon Defendant. Given that Defendant has been properly served, it is unlikely that excusable neglect justifies denying this application. Accordingly, a default judgment is warranted here.

Plaintiff seeks injunctive relief ordering Defendants to bring their parking lot into compliance with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") by addressing deficiencies in proper signage and designation of a parking space and the lack of an access aisle with level surface slope. The Court finds that these steps are "readily achievable" and, accordingly, grants injunctive relief. *Cf. Vogel*, 992 F. Supp. 2d at 1011 ("[E]xamples of readily achievable steps to remove barriers include . . . creating designated accessible parking spaces.").

Plaintiff also seeks statutory damages under the Unruh Act for the ADA violations that he experienced when he visited Defendant's establishment. Specifically, Plaintiff seeks $4,000, which reflects the statutory penalty for a single violation. Having found that the ADA was violated—and, in turn, the Unruh Act as well—the Court will award the statutorily mandated penalty of $4,000.

In sum, the Court will grant Plaintiff's application for default judgment, award statutory damages of $4,000, and order injunctive relief requiring Defendant to bring the parking lot into compliance with the ADAAG by installing proper signs and leveling the space used for the access aisle.

### III.     Request to Affix Attorney's Fees

Plaintiff also requests $2,945.00 in attorney's fees and litigation costs.

"Because Plaintiff's ADA claims are meritorious, Plaintiff is the prevailing party and may recover 'a reasonable attorney's fee, including litigation expenses, and costs.' 42 U.S.C. § 12205." *Garcia v. Kim*, No. CV 20-2136-KS, U.S. Dist. LEXIS 92591, *12 (C.D. Cal. May 20, 2022). Plaintiff may also recover costs as provided in 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54-2. In an application for default judgment, where attorney's fees are sought pursuant to a statute, fees are generally calculated according to the schedule provided by the Court. C.D. Cal. L.R. 55-3. However, attorneys may request

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03240-SVW-AJR | Date | September 24, 2024 |
|---|---|---|---|
| Title | *Juan Valencia v. Bobs House of Lounge LLC et al* | | |

fees in excess of the schedule, as Plaintiff's attorneys have done here. *Id.* When such a request is made, "the court is obliged to calculate a 'reasonable fee in the usual manner, [i.e., using the lodestar method], without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

Reasonable attorneys' fees under the lodestar method are calculated as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gates*, 987 F.2d at 1397. To receive attorneys' fees, a party must present "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–6 n.11 (1984). The relevant community is that in which the district court sits. *Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995). For this Court, the relevant community is courts within the Central District of California ("District").

The Court reviewed the declarations provided by Plaintiff's counsel, which describes counsel's experience and background. Plaintiff's counsel staffed a single attorney (hourly rate of $500.00) and a single paralegal (hourly rate of $150.00) on this case. That attorney performed 3.4 hours of work on this case and that paralegal performed 3.9 hours of work. The Court finds the number of hours worked and the rates charged to be reasonable.

The Court awards the requested $2,285.00 in attorney's fees. The Court also grants Plaintiff's request for $660.00 in costs, consisting of the service costs ($75.00), a gas and mileage reimbursement for the physical inspection done by Plaintiff counsel's paralegal ($60.00), a deed purchase ($45.00) and the filing fee ($405.00).

In sum, the Court awards fees and costs in the amount of $2,945.00.

**IV.   Conclusion**

The Court GRANTS Plaintiff's application for default judgment. Plaintiff is granted injunctive relief, and Defendant is ordered to bring the signage and access aisle of its parking lot into compliance with the ADAAG.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03240-SVW-AJR | Date | September 24, 2024 |
|---|---|---|---|
| Title | *Juan Valencia v. Bobs House of Lounge LLC et al* | | |

The Court also GRANTS Plaintiff's request to affix attorney's fees. Plaintiff is awarded $4,000 in damages under the Unruh Act and $2,945.00 in fees and costs, for a total award of $6,945.00.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |